## Petition of Westmoreland County Commissioners

*H. Reginald Belden,* for petitioners.
*Howard H. Whitehead,* for protestants.

LAIRD, J., March 14, 1944.—This is a proceeding instituted by the County Commissioners of Westmoreland County to compromise taxes under the Act of November 23, 1938, P. L. 90, 72 PS §5551, on a tract of land in Hempfield Township, containing a net area of approximately 205 acres.

The petition recites, inter alia:

"That the said property was sold by the Treasurer of Westmoreland County to the county commissioners on a number of different occasions for nonpayment of taxes, but that said property was erroneously kept on the tax lists after each of said sales and was again sold at subsequent treasurer's sales to the county commissioners."

It seems to us that the language of Judge Morrow in In re Foulke Tax Compromise, 43 D. & C. 248, is applicable and appropriate to the conditions which we find in the case at bar.

Judge Morrow said (quoting from page 249) :

"Reference is made in the petition to the Act of November 23, 1938, P. L. 90, as well as to the Act of May 21, 1937 . . . However, this Act of 1938, as appears in its title, relates to the compromise of delinquent taxes on real property before a sale of such real property. Furthermore, it was decided in a recent case (In re Vigliotti Tax Compromise, 39 D. & C. 289) that the court is without jurisdiction under this Act of November 23, 1938, to approve a compromise settlement so as to bind a protesting tax authority. In the matter now under consideration the County of Erie is a protesting tax authority. This procedure, therefore, must be treated as under the Act of May 21, 1937, and further attention to the Act of 1938 need not be given."

In the instant case the Township of Hempfield and the School District of Hempfield Township are protesting and objecting to the compromise.

At the hearing it developed from the testimony of the present owners of the land that they purchased it by deed dated August 9, 1943, subject to the unpaid taxes and two judgment liens against the shares of two of the former owners, for the sum of $200; that they have secured releases of the liens by paying $10 for each release, or a total of $20. This makes the total purchase price $220 plus the unpaid taxes. The taxes, without penalty and interest, total $2,826.52. The

penalty and interest have been eliminated by all the tax authorities above mentioned assenting thereto under the recent abatement act. The purchasers have taken advantage of this act and have paid 20 percent of these delinquent taxes, namely, $547.65, and now have four years' time to pay the balance thereof at the rate of $547.65 per year, without interest or penalty.

The purchasers knew of the unpaid taxes at the time they arranged to purchase the property. The purchase price is $200 paid grantors, $20 paid for releases, and taxes $2,826.52, or a grand total of $3,046.52. The purchasers now desire the public to pay part of this purchase price by the compromise of the taxes. To this the township and the school district object. To approve the settlement set up in the petition would reduce the purchase price to $1,271.94, plus $220, or $1,491.94.

In speaking of the Act of 1938 quoted by Judge Morrow, supra, Judge Dumbauld said in In re Vigliotti Tax Compromise, 39 D. & C. 289, quoting from page 291, that:

"From the plain language of these sections, it would appear that the decree approving the compromise settlement could only be binding upon the petitioning tax authority and upon any other tax authority desiring to join in such settlement. We find no interpretation of this language that would confer upon the court authority to make a decree binding upon a protesting borough or school district where, as here, the petition was presented by the county authorities. Failure to join in the petition or to appear at the hearing would apparently deprive the court of jurisdiction to make a decree affecting any of the non-appearing taxing authorities.

". . . It is sufficient to decide that the court is without jurisdiction to approve the compromise settlement so as to bind the protesting taxing authority. . . ."

The buildings on the premises in question are very much out of repair but are of some value. The land is

partly grown up and has not been cultivated regularly. The present owners have at least 25 acres under cultivation and there are probably a hundred acres additional that can be put under cultivation. There is some timber, probably not of much use for anything more than pit posts, growing on the land.

Various witnesses have put values on this property ranging from $2,000 to $4,000 as the present value thereof. David Cramer, of the tax revision board, has given us a detailed appraisal thereof. He values the buildings at $983 and the land at $3,450, or a total of $4,433. He states that by reason of the condition of the township road leading to the property he would reduce the value 25 percent, or to $3,325, which he considers the present market value thereof. Mr. Cramer was called as a witness by the owners of the property.

We consider his estimate of value as binding on petitioners and as indicating that the purchasers are not paying too much for the property, even if they are required to pay the taxes in full.

The Act of May 21, 1937, P. L. 787, has been amended several times by subsequent sessions of the legislature, the last amendment being the Act of May 21, 1943, P. L. 282. No important changes, however, are made in the Act of 1937 by these amendments and the matter seems to be left to the taxing authorities subject to the approval of the court of common pleas.

We are of opinion that it is more a question of good business judgment for the county commissioners or the taxing authorities than it is for the court, but we feel that the court should not lend its approval to the compromise of taxes for $1,271.94 on property which the taxing authorities value at from $3,000 to $3,500, when the taxes themselves, without penalty and interest, amount to $2,826.52, especially so since the owners of the land have availed themselves of the opportunity afforded by recent legislation of having the penalties

and interest on delinquent taxes remitted and the taxpayer afforded an opportunity of paying the face of the taxes in partial payments, without interest, annually covering a period of five years.

We are, therefore, of opinion that the petition should be refused, and we enter the following decree:

And now, to wit, March 14, 1944, after hearing, after argument of counsel and after due and careful consideration, it appearing to the court that the purchase price of the property contemplated the payment of the taxes in question and that said price, including the taxes, is not more than the market value of the said property, and it further appearing that the township and school district taxing authorities are opposed to any compromise settlement, and that the present owners of the property have availed themselves of the recent Tax Abatement Act, to which said taxing authorities have all agreed, it is ordered, adjudged, and decreed that the petition heretofore presented be and the same hereby is dismissed and the approval by the court of the compromise be and the same hereby is refused at the cost of petitioners.